## LAWRENCE v. CLEVE. ELECT. ILLUM. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8562.   Decided June 4, 1928.

Syllabus by Editorial Staff.

**PUBLIC UTILITIES—Negligence (370 T)**

(470 E) An electric light company is not liable for the death of a boy who fell from one of its power towers which was located in an isolated place, and properly constructed, since such boy, in climbing the tower was a trespasser to whom the company owed no active duty.

**TRIAL**

(590 Df) In a case where the plaintiff's evidence establishes no liability, it is proper to direct a verdict for the defendant at the close of plaintiff's evidence.

Error to Common Pleas.

Judgment affirmed.

Schaefer & Lawrence, Cleveland, for Lawrence.

Squire, Sanders & Dempsey, Cleveland, for Illum. Co.

### STATEMENT OF FACTS.

In the court below, Margaret R. Lawrence, as Administratrix of the Estate of William Kavc, deceased, brought this suit to recover damages for the benefit of the next of kin, for the death of her decedent. At the trial of the action, after the plaintiff had produced all her testimony and rested, a motion was made to direct a verdict in favor of the defendant on the ground that the evidence introduced did not show a liability against the defendant company. After due consideration, this motion was sustained by the court and the jury was directed to return a verdict for the defendant, and error is prosecuted to this court, this being the sole ground of error.

VICKERY, J.

From the record, briefs and arguments of counsel, we learn that The Cleveland Electric Illuminating Company had procured a franchise from what was then the Village of Rockport, for the purpose of erecting poles and other apparatus upon which to string wires for the transmission of electricity through the streets and alleys of the Village of Rockport, and that in pursuance with this ordinance granting them such franchise, The Cleveland Electric Illuminating Company procured the consent of the Village of Rockport, through its duly constituted officer, to string the wires and other equipment through the streets and alleys of the Village, providing they get the consent of the property owners interested therein. We further learn that such consent of the property owners was obtained by the Illuminating Company, and that in pursuance with their plan of conducting electrical current through the streets of the Village of Rockport, at the intersection of Brook Park Road and West 150th Street, the Illuminating Company erected a tower 65 feet high and over the top of this tower were high tension electric wires for the purpose of conducting electricity. This tower was constructed of steel beams and consisted of four uprights riveted together up to the height of 65 feet; there was one upright on each corner of the tower and these uprights were bound together by bars of steel starting

a few feet from the ground and running in a zigzag course to the top of the tower, there being ten of these diagonal bars on each side of the tower, so that the whole constituted a zigzag course from the bottom to the top and these pieces were five, or six, or perhaps more feet apart and the four posts were bound together in this manner.

On the day in question the decedent, a boy about ten years old, came over to this neighborhood for the purpose of seeing his sister who worked on a garden farm adjacent thereto —for it must be remembered that this tower was erected in a sparsely settled district which at that time was practically country—and for some reason or other the boy apparently attempted to climb and did climb to the top of this tower, when he came in contact with a high tension wire and was thrown to the ground and killed instantly. The action, as already stated, is brought to recover damages for his death.

The claim made by the defendant below, the defendant in error here, undoubtedly was that the evidence in this case showed no liability on the part of the defendant. We cannot help but come to the same conclusion. Here was a tower erected in what would seem to be a safe way to prevent anyone from attempting to climb, and what more the Company could have done to protect those who might be affected by the transmission of electric current over the streets, it would be hard to say.

It is argued that there was no warning. Well, if the structure of this tower was not of a character that would warn anybody of the danger in attempting to climb such a tower, we cannot see how a sign put up there would have given him more warning. As a matter of fact it probably would not have deterred an adventurous boy from climbing this tower. It must have been a difficult thing at best, and it is hard to understand how he could have accomplished his purpose at all.

It is well to bear this in mind because we are cited to the case of Klingensmith, Admrs. vs. The Scioto Valley Traction Company, 18 O. App. 290.

An analysis of that case with the instant case will soon show how unlike they are.

There is a case, however, decided by our own court, namely, Schmotzer vs. The Cleveland Electric Illuminating Company, No. 523, rendered June 1st, 1914, and found in Volume 5, page 300, Unreported Opinions Court of Appeals, which is in point.

Besides these two cases there are many other cases and an analysis of the authorities we think will show that the court below was right in directing a verdict because there could be no responsibility.

It is not necessary to go into the other questions as to whether this boy was a trespasser or not. He as a matter of fact was a trespasser and while a trespasser may have some right, we cannot say that there was any negligence upon the part of the defendant company that would warrant a recovery whether he was a trespasser or not.

We, therefore, think that the verdict and judgment must be affirmed.

(Sullivan, P.J. and Vickery, J., concur.)