## LAMBERT v CLEVELAND ELECTRIC ILLUMINATING CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10687. Decided March 10, 1930

Harry C. Gahn, Cleveland, for Lambert.

Squire, Sanders & Dempsey, Cleveland, for Company.

VICKERY, PJ.

Upon an examination of that case, which we had occasion to examine before, we do not think that it is authority for a situation such as arose in the instant case. In that case the tower was on public grounds around which children were frequently permitted to play to the knowledge of the Company that placed the tower there, or under such circumstances that it should have known that this was used as a public playground and a park by the children, and the tower had a ladder the rungs of which were about a foot apart, that came down near to the earth, and the boy who was injured in that case climbed up this tower and came in contact with a high tension wire and was killed. Judge Middleton of the Fourth District speaking for the court held that this raised a jury question.

But we do not think that, giving the statement of counsel the utmost latitude in this instance, it anywhere near approached that situation, for it states that this tower was along a railroad track and one corner of it protruded upon a street. The facts would disprove all of this, but we have to take the statement as true for the purpose of the motion. We think that this court has gone on record in two different cases in such a way that, so far as this court at least is concerned, it has precluded itself from doing other than to affirm this judgment.

The latest case decided by this court, the opinion of which was written by this member of the court, **Margaret R. Lawrence, Admx. vs. The Cleveland Electric Illuminating Company**, decided June 4th, 1928, and found in Volume 39 page 1308 Unreported **Opinions Court of Appeals, (6 Abs 591),** is almost exactly parallel with the instant case, and what we said in that case, and **how we distinguished that case from the** one decided by the Fourth District above

referred to, we can only repeat and amplify in this case. The only distinctive difference, if it be a difference, was the manner in which the bars were attached to the upright supports which carried the platform on which the high tension wires were placed. As already stated, this was sixty-five feet above the ground. It was a tower built of steel and it was not in a public place; it was along a railroad track and a person would have to become a trespasser in order to get up on top of this tower.

It is complained that there was no warning. It does not seem as if there needed to be a warning when a company that is engaged in distributing electricity over high tension wires goes to the trouble of erecting towers sixty-five feet high out of all possible contact with anybody who had a right to be on the ground,—I say, it does not seem as if any other warning were needed than that in order to notify people that here was something that they had no business to meddle with. This boy was fifteen years old and he knew as well as it was possible for anybody to know in this day and age of the world that these towers carried high tension wires, and he knew that it was not his business to investigate and go up on to that tower, and he knew that he was a trespasser when he did so, and just going out of mere curiosity to discover how far he could see would not justify a recovery against the Illuminating Company, because he got a shock from which he died.

We think this case comes squarely, notwithstanding the minor differences in the construction for the method of going on to the top of the tower, within the rule laid down in the Lawrence case. That was a case where a boy was killed as in the instant case, and a suit was brought and the trial court directed a verdict and entered up judgment for the defendant which this court affirmed. A motion was filed in the Supreme Court to compel this court to certify its record to that court and after an oral hearing and the filing of briefs in the Supreme Court, the motion was refused. Therefore that might be regarded as the law of this case so far as this District is concerned.

But prior to the Lawrence case this court had gone on record in an opinion by Judge Meals, then a Judge of the Court of Appeals, in which he upheld a directed verdict of the Common Pleas Court in the case of Schmotzer vs. The Cleveland Electric Illuminating Company, decided in the January Term 1914, and found in Volume 3, page 300, Unreported Opinions Court of Appeals and this case had everything in it so far as invitation is concerned and was more in a public place than the tower in the instant case was,—I say it had everything in it that was in this case so far as invitation is concerned and was more in a public place than the tower in the instant case was,—I say it had everything in it that was in this case, and the court directed a verdict and that was sustained.

So in view of the two cases decided by this court and the facts as outlined being almost identical with the facts in the cases referred to, we cannot see how the Common Pleas Court could have done other than he did do in directing a verdict and in so doing we do not think that he committed any error. We do not think the statement of counsel showed any negligence on the part of the Cleveland Electirc Illuminating Company, and we think it does show that the boy was a trespasser and that he was old enough to know that he was trespassing and that he was injured by his own misconduct in trespassing and climbing a tower on which he had no business, and he likewise was old enough to know that it was dangerous to go up near high tension wires. So long as we are going to have electricity, there must be some way of transmitting the electricity from the power plant to the place where it is used and the method that the Illuminating Company has adopted seems to be as sane as any that could be devised and surely, as already stated, when it put its wires sixty-five feet above the ground on towers constructed as its towers are, it has done everything it could to warn the public to keep away, and if the public or any member of the public refused to take heed they cannot, if they are injured, found a liability against the Illuminating Company. As already pointed out the Klingensmith case is entierly distinguishable from the instant csae where Judge Middleton held it was a question for the jury. We do not think that there was anything to submit to the jury in this case and that the court rightfully directed a verdict.

There being no error in the record, there is nothing for the court to do but to affirm the same.

The judgment will, therefore, be affirmed.

Sullivan and Levine, JJ, concur.